# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL SCOTT,             )
                                     )
           Petitioner,           )          Civil Action No. 3:20-cv-0246
                                     )
               v.                )          District Judge Kim R. Gibson
                                     )          Magistrate Judge Maureen P. Kelly
MOSER, *Warden*,          )
                                     )
           Respondent.        )

## MEMORANDUM OPINION

Darryl Scott ("Petitioner") was, at the time of the filing of this action, a federal prisoner housed at the Federal Correctional Institution at Loretto ("FCI-Loretto") in Cresson, Pennsylvania. On December 7, 2020, Petitioner submitted a "Petitioner [sic] under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody" (the "Petition"), which was formally filed on December 22, 2020. ECF No. 4. The sole relief sought by Petitioner was the application of at least 358 days of credit to his sentence that he alleged he was due under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5208 (2018). Id. at 10. ECF No. 4-1 at 3.

The Petition was served. Respondent responded in opposition thereto on May 25, 2021. ECF No. 15. In her Response, Respondent submitted evidence that the earliest projected release date of Petitioner, with good conduct credit, was January 26, 2027. Id. at 3. ECF No. 15-1 at 3; ECF No. 15-2 at 2-4. Respondent argued in her Response that Petitioner should not be granted relief because he failed to exhaust his administrative remedies, and because they were not required to apply any Earned Time Credit toward pre-release custody until January 15, 2022. ECF No. 15 at 5-6. Petitioner filed a traverse on June 11, 2021. ECF No. 18.

A review of the Bureau of Prisons' Inmate Locator website indicates that Petitioner no longer is incarcerated at FCI-Loretto, but instead is held now by the Baltimore Residential Reentry

1

Management office.  See https://www.bop.gov/inmateloc/ (last visited Mar. 25, 2024).  According to this website, Petitioner's projected release date now is January 26, 2026 – a full year earlier than his previous projected release date.  The undersigned takes judicial notice of the above-referenced public records.

On February 22, 2024, United States Magistrate Judge Kelly issued an order to the parties to show cause on or before March 22, 2024, why this case should not be dismissed as moot.  ECF No. 20.  Respondent responded on February 28, 2024, providing evidence that 365 days of Earned Time Credits had been applied to Petitioner's sentence under the First Step Act.  ECF No. 21 at 1; ECF No. 21-1 at 2-3; ECF No. 21-2 at 3.  Petitioner also had been determined to be eligible for 535 days of pre-release custody, but already is in pre-release custody under the CARES Act.  ECF No. 21-1 at 3; ECF No. 21-3 at 2; ECF No. 21-4 at 1.

As of the date of this writing, Petitioner has not responded to the Magistrate Judge's show cause order.

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Congregation Kol Ami v. Abington Township, 309 F.3d 120, 131 (3d Cir. 2002).  In other words, "[w]hen it is no longer possible for this court to grant the relief requested, a case is moot and this court lacks jurisdiction to hear it."  Medicine v. McCulloch, 544 F. App'x 699, 699 (9th Cir. 2013).

Petitioner challenges the Bureau of Prison's failure to apply 358 days of credit to his sentence under the First Step Act.  ECF No. 4 at 10; ECF No. 4-1 at 3.  But it appears from the public record that Petitioner now has received the full extent of the relief that he sought, and currently is in pre-release confinement.  Because Petitioner has received the full extent of relief that he sought in the Petition, this Court has no power to grant him any additional relief.

2

Accordingly, the Petition will be denied as moot.  Cf. Buck v. Pugh, No. 12-1669, 2013 WL 3972654, at *2 (W.D. Pa. July 30, 2013) ("because Petitioner has been released from the custody of the Bureau of Prisons ('BOP') and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition should be dismissed as moot.").

A certificate of appealability is not required for federal prisoners seeking relief under Section 2241.  Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1).  Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.


Dated: March 27, 2024

BY THE COURT:

KIM R. GIBSON
SENIOR UNITED STATES DISTRICT JUDGE


cc:   Hon. Maureen P. Kelly
      United States Magistrate Judge


      Darryl Scott
      62361-037
      Loretto
      Federal Correctional Institution
      Inmate Mail/Parcels
      P.O. BOX 1000
      Cresson, PA 16630

Darryl Scott
62361-037
RRM Baltimore
400 First Street, NW
5th Floor
Washington, DC 20534


All counsel of record (*via* CM/ECF)